**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                          **Crim. No. 1:20cr30-HSO-RHW-1
                                          Civil No. 1:22cv85-HSO**

**DYLAN COLE BLOODSWORTH**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DYLAN COLE BLOODSWORTH'S MOTION [17] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [17] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed by Defendant Dylan Cole Bloodsworth ("Bloodsworth"). After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that it plainly appears from the Motion and the record of prior proceedings that Bloodsworth is not entitled to relief and that his § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the need for an answer by the United States Attorney. *See* Rule 4(b), Section 2255 Rules.

## I.  BACKGROUND

In 2011, Bloodsworth pled guilty in the United States District Court for the Southern District of Alabama to charges of sexual abuse of a child in violation of 18

U.S.C. § 2243(a) and enticement in violation of 18 U.S.C. § 2422(b).  Bloodsworth was sentenced to 121 months imprisonment as to each crime, to run concurrently, followed by supervised release for a term of life.  *See* R. [1-1] at 10-12, 16.  The criminal judgment ordered certain special conditions of release, including that "the defendant shall not possess or use a computer with access to any 'on-line computer service' at any location (including employment) without the permission of the Probation Office."  *Id.* at 12 (emphasis removed).

While on supervised release, jurisdiction over Bloodsworth was transferred to this Court pursuant to 18 U.S.C. § 3605.  *See* Transfer [1] at 1.  The United States Probation Office petitioned the Court to modify Bloodsworth's conditions of supervised release, with his consent, and the Court ordered that Bloodsworth "shall participate in the Community Correction Program for six months and shall follow all rules and regulations at the facility."  Pet. [3] at 1.

Subsequently, the Probation Office petitioned the Court to issue a warrant for Bloodsworth's arrest for violations of his conditions of supervised release, *see* Order [4] at 1-4, and at a hearing held on March 17, 2021, the Court found that Bloodsworth had violated the terms of his supervised release, *see* Min. Entry, Mar. 17, 2021.  The Court revoked supervised release and sentenced Bloodsworth to ten months of incarceration as to each Count of conviction, to run consecutively for a total term of 20 months, followed by a life term of supervised release as to each Count, to run concurrently.  *See id.*; J. [15] at 3-4.  The Judgment of revocation included special conditions, including that Bloodsworth is "prohibited from using

2

any Internet-capable device, or computer, including computers at businesses, private homes, libraries, schools, or other public locations, unless granted permission by the supervising U.S. Probation Officer" (Special Condition #1), and that he "shall participate in the Community Correction Program for six months and shall follow all rules and regulations at the facility" (Special Condition #7).  J. [15] at 6.  Bloodsworth did not appeal.

Bloodsworth has now filed a Motion [17] under 28 U.S.C. § 2255, seeking to modify his sentence.  In Ground One, he complains about the Court's sentence of an additional six months in a "halfway house" upon completion of his term of imprisonment.  Mot. [17] at 4.   Ground Two requests a modification of the condition of supervised release concerning the prohibition on using the internet because Bloodsworth claims that this is part of his "First Amendment Right to have access to places," so he can "listen and speak again."  *Id*. at 5.  In Ground Three, Bloodsworth argues that his violation was "simply based off of [his] words and [his] probation officer" because Bloodsworth was allegedly given verbal permission by the probation officer to do things the probation officer "ultimately violated [Bloodsworth] for and [he has] no way to prove it."  *Id*. at 8.   Bloodsworth asks that the Court "please have mercy and lower [his] supervised release term down to 10 years."  *Id*.

## II.  DISCUSSION

### A.   Relevant legal standards

A judgment that includes a sentence of imprisonment constitutes a final

judgment and may not be modified by a district court except in limited circumstances.  28 U.S.C. § 3582(b); *Dillon v. United States*, 560 U.S. 817, 824 (2010).  28 U.S.C. § 2255 is "the primary means of collateral attack on a federal sentence." *Beras v. Johnson*, 978 F.3d 246, 251 (5th Cir. 2020) (quotation omitted); *see also, e.g., Mathis v. Warden FCC Beaumont*, No. 1:19CV209, 2020 WL 1060328, at *1 (E.D. Tex. Jan. 23, 2020), *report and recommendation adopted,* No. 1:19CV209, 2020 WL 1046054 (E.D. Tex. Mar. 4, 2020) (recognizing that § 2255 is also the proper method for challenging the revocation of a term of supervised release).

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on one of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quotation omitted).  Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice.  *See id.*; *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.

4

1992).  Thus, an error that may have justified reversal on direct appeal will not necessarily support a collateral attack.  *United States v. Frady*, 456 U.S. 152, 164 (1982).

B.    Analysis

1.    Ground One

Bloodsworth asks the Court to reconsider Special Condition #7, that he "shall participate in the Community Correction Program for six months and follow all rules and regulations at the facility."  J. [15] at 6.   In light of the Court purportedly sentencing Bloodsworth to the "maximum" term of imprisonment as to each Count, he argues that "[a]n additional 6 months is over and beyond punishment."  Mot. [17] at 4.

The Court first considers any request Bloodsworth may be making that it reconsider and vacate its imposition of Special Condition #7.  *See id.*   As stated previously, a judgment may not be modified by a district court except in limited circumstances.  28 U.S.C. § 3582(b); *Dillon*, 560 U.S. at 824.  While § 2255 affords certain grounds upon which to collaterally attack a sentence, it does not permit a Court to simply reconsider and vacate a prior final judgment without a valid basis.

To the extent Bloodsworth may be asserting that his sentence constitutes excessive punishment under the Eighth Amendment or exceeds the statutory maximum sentence, the Judgment may be subject to collateral attack under certain circumstances.  *See* 28 U.S.C. § 2255(a).  However, "[a] movant is barred from raising constitutional claims for the first time on collateral review unless he

demonstrates [1] cause for failing to raise the issue on direct appeal and [2] actual prejudice resulting from the error." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (quotation omitted). Here, Bloodsworth could have raised any Eighth Amendment claims in a direct appeal but did not do so, and for the reasons discussed below, he cannot demonstrate actual prejudice. Any constitutional claims in Ground One are therefore procedurally defaulted. Even if they were not, Bloodsworth's § 2255 Motion [17] and the record conclusively show that he is entitled to no relief.

First, the record is clear that the sentence did not exceed the statutory maximum sentence, as Bloodsworth contends. *See* Mot. [17] at 4. The maximum terms of imprisonment on revocation are determined according to the class of the felony of conviction. *See* 18 U.S.C. § 3583(b), (e)(3). Bloodsworth's offenses of conviction were violations of 18 U.S.C. §§ 2243(a) and 2422(b). The maximum term of imprisonment for a violation of § 2243(a) (Count 1) is not more than 15 years, *see* 18 U.S.C. § 2243(a), and for § 2422(b) (Count 2), the authorized term of imprisonment is not less than 10 years but not more than life, *see* 18 U.S.C. § 2422(b). Count 1 is thus a Class C felony, while Count 2 is a Class A felony. *See* 18 U.S.C. § 3559(a). Based upon these classifications, the maximum statutory term of imprisonment upon Bloodsworth's revocation was not more than 2 years for Count 1, and not more than 5 years for Count 2. *See id.*; 18 U.S.C. § 3583(e)(3). The Court sentenced Bloodsworth to 10 months as to each Count, to run consecutively, for a total term of imprisonment of 20 months. *See* J. [15] at 3. This

sentence falls well below the maximum statutory terms of imprisonment that Bloodsworth could have received upon revocation.  *See* 18 U.S.C. § 3583(e)(3).

With respect to any Eighth Amendment argument Bloodsworth may be making separate and apart from the issue of the statutory maximum sentence, the Court likewise finds that the Motion [17] and record conclusively show that Special Condition #7 does not constitute an excessive or cruel and unusual punishment and therefore does not violate the Eighth Amendment.  Bloodsworth is not entitled to any relief on this Ground.

2.   Ground Two

Ground Two requests a modification of the condition of supervised release placing prohibitions on the use of the internet.  Bloodsworth asserts that this is part of his "First Amendment Right to have access to places," so he can "listen and speak again."  Mot. [17] at 5.  First, Bloodsworth could have raised this issue on direct appeal but failed to do so; this issue is procedurally defaulted.  In addition, Bloodsworth cannot demonstrate actual prejudice.  *See Allen*, 918 F.3d at 460.

Even if the claims raised in Ground Two were not defaulted, Bloodsworth's § 2255 Motion [17] and the record conclusively show that he is entitled to no relief. While the Supreme Court has recognized the relationship between the First Amendment and the internet, *see Packingham v. North Carolina*, 137 S. Ct. 1730, 1736 (2017), the Fifth Circuit has found that *Packingham*, which addressed a complete ban of much of a sex offender's internet access after he had completed his sentence, does not plainly apply in the supervised-release context, *see United States*

*v. Halverson*, 897 F.3d 645, 658 (5th Cir. 2018).   In *Halverson*, the Fifth Circuit held that a special condition of supervised release preventing access to the internet without preapproval from the probation officer "survives plain-error review." *Id.* at 660.

In this case, Special Condition #1 only applies during a term of supervised release, and it does not completely ban Bloodsworth's use of the internet.   *See* J. [15] at 6.   Bloodsworth is instead prohibited "from using any Internet-capable device, or computer, . . . unless granted permission by the supervising U.S. Probation Officer."   *Id.*   The Fifth Circuit has previously upheld such restrictions. *See, e.g., United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013).   Under the specific facts of this case, Special Condition #1 is narrowly tailored as it is related to the relevant sentencing factors under 18 U.S.C. § 3553, it represents no greater deprivation than is reasonably necessary for the purposes of §§ 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D), and it is consistent with pertinent policy statements issued by the Sentencing Commission.   *See, e.g.,* 18 U.S.C. §§ 3553 & 3583(d)(2). Bloodsworth is not entitled to any relief with respect to Special Condition #1.

3.     Ground Three

In Ground Three, Bloodsworth challenges the merits of the Court's determination that he violated the conditions of his supervision, and he asks that the Court to reduce his term of supervised release from life to 10 years.   *See* Mot. [17] at 8.   This is an improper attempt to collaterally attack the Court's Judgment that could have been challenged on direct appeal, and the Court does not have

plenary jurisdiction to modify it.  Ground Three does not fit within any of the categories set forth at 28 U.S.C. § 2255(a), nor does it present an error of a "constitutional or jurisdictional magnitude." *Samuels*, 59 F.3d at 528.[1]

The Court recognizes that, after considering certain factors and subject to certain conditions, under 18 U.S.C. § 3583(e) it may: (1) terminate supervised release and discharge a defendant after the expiration of one year of supervised release; (2) extend a term of supervised release; (3) revoke a term of supervised release; and (4) order a defendant to remain at his place of residence during nonworking hours.  *See* 18 U.S.C. § 3583(e)(1).  Even if this statute permitted the Court to shorten a term of supervised release without immediate discharge from supervision, Bloodsworth is presently incarcerated and has not yet begun to serve his term of supervised release.  *See id.*  Bloodsworth's Motion [17] and the record conclusively show that he is not entitled to any relief with respect to Ground Three.

## III.  <u>CONCLUSION</u>

Because the Motion [17] and the record conclusively show that Bloodsworth is entitled to no relief, the Court finds that his Motion [17] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without the need for an answer by the United States Attorney. *See* Rule 4(b), Section 2255 Rules.

---

[1] Additionally, at the final revocation hearing, Bloodsworth admitted under oath that the Government could prove by a preponderance of the evidence that he violated the terms and conditions of his supervised release as alleged in the Petition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [17] of Defendant Dylan Cole Bloodsworth to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE